UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW TRIANDAFILOU, : | |
| : | Civil Action No. 10-3798 (SRC) |
| Plaintiffs, : | |
| : | **OPINION** |
| v. : | |
| : | |
| KEAN UNIVERSITY, : | |
| : | |
| Defendant. : | |
| : | |
| : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendant Kean University ("Defendant") to dismiss the Complaint [docket entry 1] pursuant to Federal Rule of Civil Procedure 12(b)(6) [docket entry 15]. Plaintiff Andrew Triandafilou ("Plaintiff"), who proceeds pro se, filed no opposition to Defendant's motion, though he purported to file two additional Exhibits to his Complaint, which consist of documents totaling 161 pages [docket entry 27]. The Court has considered the papers filed by the parties. It rules on this motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the following reasons, Defendant's motion to dismiss will be denied.

**I.    BACKGROUND**

This action arises from a Complaint filed by Plaintiff, alleging discrimination by his employer, Defendant Kean University. The Court has federal question jurisdiction over Plaintiff's claims, which arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. § 2000e, et seq., pursuant to 28 U.S.C. § 1331. Assuming the truth of the allegations in Plaintiff's Complaint for purposes of this motion only, the factual background of

this matter is as follows:

Plaintiff, an administrative employee of the Defendant during all periods relevant to this action, claims that he was retaliated against by the Defendant for filing a discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") in 2004. Specifically, Plaintiff worked for a period of eleven months, in the years 2004 to 2006, without being told that he was working more hours than required by his salaried position; since 2004, he has been "constantly" harassed by certain supervisors, who transferred him to posts that are outside of his area of expertise; and other supervisors fraudulently affixed Plaintiff's signature to certain unfair performance evaluations. (Compl. ¶ 10.)  The record reflects that, prior to filing suit in this Court, on or about April 20, 2009, Plaintiff "dual filed" complaints with the EEOC and the New Jersey Division on Civil Rights, alleging several instances of retaliation by the Defendant.[1] Plaintiff alleged that he was written up for a delayed project on March 24, 2008, although he was not at fault for the delay; that he was subjected to harassment on July 2, 2008, when his supervisor attempted to transfer him to a different work shift; and that, on October 15, 2008, he was subjected to further harassment when he was transferred to a position outside of his area of expertise.  The EEOC conducted an investigation of Plaintiff's complaint, and, by way of correspondence dated May 3, 2010, stated that it was unable to conclude that the information established a violation of federal law on the part of Kean University.  Appended to the EEOC's correspondence was a Notice of Dismissal and Right to Sue letter, notifying Plaintiff that he

---

[1] An individual filing a complaint with the EEOC may "dual file" a complaint with the New Jersey Division on Civil Rights, incorporating the allegations set forth in the EEOC complaint.  The EEOC transmits the complaint to the Division on Civil Rights, where, through an Addendum form, the complainant may also set forth any relevant additional allegations of violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to 42.  It appears that the EEOC transmitted Plaintiff's complaint to the New Jersey Division on Civil Rights on or about April 29, 2009, at which time Plaintiff completed the Addendum form.

could pursue his allegations only by filing suit within 90 days of his receipt of notice.  Plaintiff initially filed suit against the Defendant in the United States District Court for the District of New Jersey on July 28, 2010, and applied to proceed *in forma pauperis,* which the Court denied by Order dated August 16, 2010 [docket entry 2].  Plaintiff's Complaint was dismissed, but reopened upon payment of the filing fee, on or about January 11, 2011.

On July 7, 2011, Defendant filed the instant Motion to Dismiss Plaintiff's Complaint, arguing that Plaintiff did not timely file his Title VII complaint with the EEOC.  Furthermore, Defendant argues, even if the initial EEOC complaint had been timely filed, Plaintiff's Complaint in this Court was not timely filed, and should therefore be dismissed.

II.     DISCUSSION

    A.     **Legal Standard**

The Court must review this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), which provides for dismissal of a claim for failure to state a claim upon which relief may be granted.  Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  When evaluating the sufficiency of claims subject to the pleading requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  In Twombly and Iqbal, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. (citing Twombly, 550 U.S. at 556.)  The cases are also clear about what will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual enhancement." Id. at 1949-50; Twombly, 550 U.S. at 555-57.  While the complaint need not demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to the mere *possibility* of unlawful conduct will not do.  Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 557.  The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (relying on Twombly to hold that to survive a motion to dismiss a Complaint must assert "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element").

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the allegations of the complaint, documents attached or specifically referenced in the complaint if the claims are based upon those documents and matters of public record. Winer Family Trust v. Queen, 503 F.3d 319, 327 (3d Cir. 2007); Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003).

### B. Timeliness of Plaintiff's Complaints

Plaintiff's Complaint alleges that Defendant retaliated against Plaintiff for his prior discrimination claim.  Plaintiff raised similar retaliation allegations before the EEOC and the New Jersey Division on Civil Rights, by way of dual filings on or about April 20, 2009, and April 29, 2009, respectively.  Defendant moves to dismiss, asserting the affirmative defense that

Plaintiff failed to comply with the applicable statutes of limitation.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) (noting that, although Federal Rule of Civil Procedure 8(c) indicates that a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense appears clearly on the fact of the pleading).  Defendant contends that, because the last incident of unlawful conduct alleged by Plaintiff in his EEOC complaint occurred on October 15, 2008, Plaintiff was required to file same within 180 days of that date, or by April 15, 2009.  Although the EEOC did not find Plaintiff's complaint to be time-barred, Defendant argues that, because Plaintiff did not file his complaint with the EEOC until April 20, 2009, his Complaint should be dismissed as untimely.  Furthermore, even if Plaintiff's complaint to the EEOC had been timely filed, he failed to file suit before this Court within the 90-day statute of limitations, and his Complaint should also be dismissed on that basis.

      Title VII, 42 U.S.C. § 2000e-2 et seq., prohibits employers from discriminating against employees on the basis of race, color, sex, religion or national origin.  Employees alleging discrimination in violation of Title VII are required to exhaust their administrative remedies prior filing suit in federal court.  Specifically, a plaintiff-employee must file a charge against the offending party with the EEOC.  See Wetzel v. Liberty Mutual Life Insurance Company, 508 F.2d 239, 246 n.8 (3d Cir. 1975), cert. denied, 421 U.S. 1011, 44 L. Ed. 2d 679, 95 S. Ct. 2415 (1975).  The charge must be filed within the statutory time period, and notice served upon the person against whom the charge is being made; indeed, Title VII, at § 2000e-5(e)(1), "specifies with precision" the time requirements for charges filed with the EEOC.  Nat'l Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 109, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002) (hereinafter

"AMTRAK") (citing Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S. Ct. 1011, 39 L. Ed. 2d 147 (1974)).  The Supreme Court has summarized the time-filing provisions as follows:

> In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other States, the charge must be filed within 180 days.

Id.  The EEOC is then required to investigate the charge, and the complainant must allow 180 days for the investigation to proceed.  42 U.S.C. § 2000e-5(f)(1); see also Occidental Life Ins. Co. v. EEOC, 432 U.S. 355, 359-61 (1977).  If, after 180 days, the EEOC has not resolved the charge, it must notify the complainant, typically in the form of a Right to Sue letter, indicating that the EEOC finds no reason to take action on the complaint, and that the complainant has a period of 90 days within which to file a private legal action.[2]  42 U.S.C. § 2000e-5(f)(1); see also Waiters v. Parsons, 729 F.2d 233, 237 (3d Cir. 1984).  A complainant may not bring a Title VII lawsuit in federal court without first having received a Right to Sue letter from the EEOC, since the receipt of same indicates that the complainant has exhausted his or her administrative remedies.  Burgh v. Borough of Montrose, 251 F.3d 465, 470-71 (3d Cir. 2011).

Both the 180- or 300-day deadline for filing the administrative complaint with the EEOC, and the 90-day deadline for filing the court action are treated as statutes of limitation.  Id. (citing Zipes v. Trans World Airways, Inc., 455 U.S. 385, 393, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1982)).  A claim is time-barred if it is not filed within these limits.  AMTRAK, 536 U.S. at 109 (interpreting the directive in § 2000e-5(e)(1) that "a charge *shall* be filed within one hundred and eighty days after the alleged unlawful employment practice occurred" as clearly indicating that filing within the specified time-period is mandatory).  As set forth above, if an employee initially

---

[2] After 180 days, the complainant may also, on his or her own, request a Right to Sue letter from the EEOC, which must promptly issue same.  29 C.F.R. § 1601.28(a)(1).

files with the EEOC, he or she must file within 180 days of the alleged discriminatory employment practice; if he or she initially files with a state agency, such as the New Jersey Division on Civil Rights, he or she must do so within 300 days of such practice.  Id.  Moreover, each discrete, retaliatory adverse employment practice alleged "constitutes a separate, actionable 'unlawful employment practice,'" and an employee may "only file a charge to cover discrete acts that occurred within the appropriate time period."  Id. at 114.[3]

In this case, Plaintiff dual-filed complaints with the EEOC, on April 20, 2009, and the New Jersey Division on Civil Rights, on April 29, 2009.  Although Plaintiff's complaint filed with the EEOC is dated prior to the complaint filed with the New Jersey Division on Civil Rights, dual filing apparently entails the EEOC promptly transmitting the complaint to the Division on Civil Rights, at which time the complainant may supplement the filing with allegations under the New Jersey Law Against Discrimination.  In other words, the filings were essentially simultaneous.  Other courts considering the charge-filing deadline for dual filings have applied the enlarged 300-day time limit applicable to filings with state agencies.  See, e.g., Parikh v. UPS, 2011 U.S. LEXIS 125548, at *8-9 (D.N.J. Oct. 31, 2011) (citing Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2002)); 42 U.S.C. § 2000e-5(e)(1).  Thus, the Court will apply the enlarged 300-day period to Plaintiff's complaint, which was filed on April 20, 2009.  The discrete practices set forth therein occurred on March 24, July 2, and October 15, 2008.  Therefore, with respect to the alleged retaliatory conduct occurring on March 24, 2008,

---

[3]The Court notes that Plaintiff, who filed no opposition to Defendant's Motion to Dismiss, has not presented a "continuing violation" theory to the Court, pursuant to which the Court might consider events occurring outside of the filing deadline as part of a pattern or practice of discrimination.  See, e.g., West v. Philadelphia Electric Co., 45 F.3d 744, 754 (3d Cir. 1995).

Plaintiff's complaint was not timely filed. However, with respect to the claims of retaliatory employment practices occurring on July 2, 2008, and October 15, 2008, Plaintiff's complaint was timely filed within 300 days of same.

The 90-day statute of limitations for filing an action in court begins to run upon final agency action, such as the issuance of a Right to Sue letter. Burgh, 352 F.3d at 470. Plaintiff received his Right to Sue letter on May 3, 2010; therefore, he had until August 1, 2010 to file suit on his Title VII retaliation claims. Contrary to the Defendant's argument in its Motion to Dismiss, Plaintiff filed his Complaint before this Court on July 28, 2010, together with an application to proceed *in forma pauperis*. Though the application was denied, and Plaintiff's Complaint was terminated, it was reinstated on or about January 11, 2011. Moreover, it appears that Plaintiff submitted the requisite filing fee by way of a check dated July 26, 2010, and that administrative error may have contributed to the closing and reopening of the case. In any event, the Court cannot at this juncture conclude that Plaintiff's Complaint "facially shows noncompliance with the limitations period." Oshiver v. Levin, 38 F.3d at 1384 n.1.

Plaintiff's claims before this Court are "defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976), cert. denied, 429 U.S. 1041, 97 S. Ct. 741, 50 L. Ed. 2d 753 (1977). The timely claims in Plaintiff's administrative complaint allege that, on July 2, 2008, he was subjected to retaliatory harassment through transfer to a "newly created" position, and that, on October 15, 2008, he was transferred to a position outside of his area of expertise, also in retaliation for his earlier EEOC complaint. In his Complaint before this Court, Plaintiff claims that he has been subject to retaliatory harassment by Defendant, including transfer to a position outside of his area of expertise. Thus, at least with respect to this claim in

the Complaint, and viewing the pleadings in the light most favorable to the Plaintiff, who proceeds pro se, the Court must conclude that Plaintiff timely filed his administrative complaint with the EEOC, and timely filed, or attempted to file his suit in federal Court within the 90-day period set forth in § 2000e-5(f)(1).  However, the Court also notes that Plaintiff failed to respond to Defendant's Motion to Dismiss, and that, if Plaintiff does not begin participating in this action, which he initiated, it may be dismissed for failure to prosecute.

II.   CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion to dismiss Plaintiff's Complaint.  An appropriate form of Order will be filed together with this Opinion.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: November 30, 2011